## Browne, Appellant, *v.* Scull.

*Partnership—Dissolution—Lease—Renewal of lease.*

Where there has been a dissolution of a partnership between two persons, and a settlement had between them, and a lease of a hotel formerly held by them as partners with privilege of renewal if satisfactory to lessor, has terminated, and the lessor is unwilling to execute a new lease if one of the parties continues in the business, the other party may take a new lease in his own name without liability to account to his former partner.

Argued Dec. 13, 1904. Appeal, No. 35, Oct. T., 1904, by plaintiff, from decree of C. P. No. 2, Phila. Co., March T., 1903, No. 2270, dismissing bill in equity in case of Charles A. Browne v. Winfield S. Scull. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Bill in equity for an injunction. Before WILTBANK, J.

514          BROWNE, Appellant, v. SCULL.

Statement of Facts—Opinion of the Court.   [27 Pa. Superior Ct.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was decree dismissing the bill.

*Aug. B. Repetto*, for appellant.—This case is ruled by Johnson's App., 115 Pa. 129.

*E. Cooper Shapley*, for appellee.—Whatever may be the general expressions in Johnson's Appeal, 115 Pa. 129, yet the vital principle involved is stated in the opinion of the court to be that which is expressed in Lindley on Partnership, viz. : that the lease must have been obtained either during the partnership or before a sale of its assets.   The latter was the fact in Johnson's Appeal, which was a bill for an account: Mitchell v. Reed, 61 N. Y. 123.

OPINION BY HENDERSON, March 14, 1905 :

The plaintiff and defendant were partners in maintaining and operating the Beach House at Sea Girt, New Jersey, in the season of 1902.   By the terms of their agreement the partnership terminated on September 30, 1902.   The business was closed in September, and the partnership accounts settled about October 18 in the same year.   At the time the lease for the hotel was executed, the lessor agreed that if the lessees satisfactorily conducted the business under the terms of the lease, they should have an option to take the same premises for the season of 1903, the option to be exercised on or before the termination of the lease.

On October 5 the lessees notified the lessor that they desired to renew the lease for 1903.   The lessor was dissatisfied with Browne's administration and refused to lease the property to Scull and Brown or to Scull, unless it was expressly understood that Brown was not to become interested in the business in any way.   Scull then took a lease for the property in his own name.   It was alleged by the plaintiff and denied by the defendant that a new partnership had been formed to continue the business the succeeding year.   The prayers of the bill are, first, that the defendant be decreed to hold the title of the hotel for the year 1903 as trustee for the common benefit of himself and the plaintiff as partners ; and second, that the defendant be enjoined from excluding the plaintiff from participating in the management of the hotel during the year 1903 and from

participating in the management of. the partnership business devolving upon him by reason of the copartnership agreement claimed by him. The court found that no partnership was entered into between the plaintiff and defendant for the year 1903, and this finding is warranted by the evidence presented. The only witnesses who testified on that subject were the plaintiff and the defendant. The plaintiff alleges conversations upon that subject at different times in connection with the discussion of the advisability of renewing the lease, but he does not expressly state that a new contract of partnership was entered into at any particular time. The defendant, on the other hand, expressly denies that any agreement of partnership was formed. The plaintiff's case, therefore, lacks that preponderance of evidence necessary to establish his claim. The evidence shows, as the court found, that the lessor was unwilling to lease the property to the plaintiff and the defendant, or to the defendant if the plaintiff was to have any interest in the business. The option of renewal was contingent upon the satisfaction of the lessor with the management, and the lessor was not satisfied. The new partnership is not shown to have been formed; and a new lease was made to the defendant alone after the termination of his partnership with the plaintiff and after the settlement of their partnership accounts. We cannot force the defendant into a partnership without his consent, nor declare him a trustee for a partnership which has no existence. If the present bill were one for an account, the authorities cited by the appellant would be relevant. This is the very point determined in Johnson's Appeal, 115 Pa. 129. That arose on a bill for an account between partners. It was there held that it is not the absolute right to a renewal, but the expectancy or opportunity of renewal that constitutes the property or asset in question, and the partner who took a lease in his own name was held liable to account for the value of the expectancy appropriated by him. If we concede, therefore, that the element of expectancy of renewal existed in this case under the evidence, the form of the pleadings does not permit consideration of its value. We have not been persuaded that the learned judge of the court below reached any conclusion which the evidence and the law applicable thereto did not warrant. The decree is, therefore, affirmed.